FILED
DEC 9 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District WESTERN DISTRICT OF TEXAS |
|---|---|
| Name (under which you were convicted): TERRY TERRELL BROWN (TERRY TERELL BROWN) | Docket or Case No.: W-99-CR-061 (1) |
| Place of Confinement: FBOP: THREE RIVERS, TX (FCI) | Prisoner No.: 91907-080 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) TERRY TERRELL BROWN |
| v. | (TERRY TERELL BROWN) |

W11CA290

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS WACO DIVISION

   (b) Criminal docket or case number (if you know): W-99-CR-061 (1)

2. (a) Date of the judgment of conviction (if you know): DECEMBER 16, 1999

   (b) Date of sentencing: MARCH 22, 2001

3. Length of sentence: 248 MONTHS

4. Nature of crime (all counts):
   18 USC 1111 AND 2
   18 USC 1111 AND 2
   18 USC 924(C)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ☐
8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☑
9.  If you did appeal, answer the following:
    (a) Name of court:
    (b) Docket or case number (if you know):
    (c) Result:
    (d) Date of result (if you know):
    (e) Citation to the case (if you know):
    (f) Grounds raised:



    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☐
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:



10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐    No ☑
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

Page 4

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:      Yes ❑   No ❑

    (2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** REVIEW FOR PLAIN ERROR

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
THE SENTENCE IS SUBJECT TO COLLATERAL REVIEW DUE TO THE FACT THAT THE GUIDELINES FOR SENTENCING WERE DEPARTED UPWARDS UNLAWFULLY PERTAINING TO THE 924(c) COUNT. THE SENTENCING COMMISSION IN FORMULATING THE APPLICABLE GUIDELINE RANGE FOR MURDER CONTEMPLATED THAT A DANGEROUS INSTRUMENTALITY WOULD BE USED IN COMMITTING THE OFFENSE. THE FACT THAT THE END RESULT OF A DEFENDANTS CONDUCT IS MURDER NECESSARILY IMPLIES THAT THE INSTRUMENTALITY EFFECTUATING THE DEATH OF A VICTIM WAS DANGEROUS IN THE MANNER IT WAS USED. THEREFORE, MURDER MUST SUBSUME THE USE OF A DANGEROUS INSTRUMENTALITY.

(b) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
      NO APPEALS HAVE BEEN MADE AT THIS TIME

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NO APPEALS HAVE BEEN MADE AT THIS TIME


**GROUND TWO:** INAFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

INAFFECTIVE ASSISTANCE OF COUNSEL: DUE TO THE FACT THAT I WAS A MINOR AT THE TIME I CAUGHT MY CASE, WITH NO EDUCATION, I PUT MY TRUST IN MY LAWYER. AT THE TIME I WAS SENTENCED, COURTS HAD ALREADY DECIDED IN U.S. v. S. KELLY 1F.3d 1137 AND U.S. v. S. BARBER 93 F. 3d 1200: THAT USE OF A WEAPON WAS A CIRCUMSTANCE OF MURDER AND WAS DEEMED INHERENT, THEREFORE, NO UPWARD DEPARTURES WERE ALLOWED IN SECOND DEGREE MURDER PERTAINING TO USE OF A WEAPON. IF MY LAWYER HAD ARGUED THIS POINT, I WOULD HAVE BEEN SENTENCED PROPERLY.

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:
NO APPEALS HAVE BEEN MADE AT THIS TIME.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NO APPEALS HAVE BEEN MADE AT THIS TIME.

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑   No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❏  No ❏

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❏  No ❏

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏  No ❏

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏  No ❏

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏  No ❏

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: NO APPEALS HAVE BEEN MADE AT THIS TIME.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: ROBERT SWANTON, JR.

    (b) At arraignment and plea: ROBERT SWANTON, JR.

    (c) At trial: N/A

    (d) At sentencing: ROBERT SWANTON, JR.

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☑ No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS WACO DIVISION

   (b) Give the date the other sentence was imposed: MARCH 22, 1999

   (c) Give the length of the other sentence: 188 MONTHS

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☑

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

AS STATED PREVIOUSLY IN MY SECOND GROUND OF APPEAL; AT THE TIME OF MY CONVICTION, I WAS 17, UNEDUCATED, AND UNDER THE INFLUENCE OF PRESCRIPTIONED MEDICATION. AT THE TIME OF SENTENCING, I QUESTIONED MY ATTORNEY ABOUT THE GUN CONVICTION, DUE TO THE FACT THAT IT WAS FACTORED INTO THE EQUATION AFTER MY GUILTY PLEA WAS MADE. I WAS MADE TO BELIEVE THAT THE GUN POSSESION WAS MANDATORY AND THAT IF I CHOSE TO APPEAL IT, I WOULD HAVE TO FIGHT THE WHOLE CASE AND POSSIBLY FACE FIRST-DEGREE MURDER CHARGES. IN FEAR OF FACING A POSSIBLE LIFE SENTENCE, I DISREGAURDED THE APPEALS PROCESS. IT WASN'T UNTIL RECENTLY WHEN THE SUPREME COURT HEARD A CASE ARGUING A SIMILAR POINT, THAT I BEGAN TO INVESTIGATE THE MATTER WHOLE-HEARTEDLY. IT WAS AT THIS TIME THAT I LEARNED OF THE COURTS RULING IN U.S. V.S. KELLY AND U.S. V.S. BARBER. IT IS THE COURTS CLEAR AND CONCISE RULING ON THE MATTER WHICH SHOWED ME THAT I COULD IN FACT APPEAL THE 924(c) WITHOUT CONTESTING THE OTHER CONVICTIONS IN MY CASE. IT IS WITH THAT UNDERSTANDING WHICH I SUBMIT THIS APPEAL, RESPECTIVELY TO THE COURTS. I CONCLUDE THAT ALTHOUGH I HAVE SURPASSED THE ONE-YEAR STATUE OF LIMITATIONS, THE PRINCIPAL FACT IS THAT THE COURTS MADE PLAIN ERROR IN GOING OUTSIDE THE STATUTES FORMULATED BY THE SENTENCING COMMISSION WHEN THEY KNOWINGLY DEPARTED UPWARDLY WITH THE 924(c) CONVICTION.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
> > (1) the date on which the judgment of conviction became final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

VACATE THE SETENCING FOR THE 924(c) CONVICTION AND REMAND FOR PROPER SENTENCING

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on DECEMBER 2, 2011 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

91907-080
MR. TERRY BROWN
FEDERAL CORRECTIONAL INST.
P.O. BOX 4200
THREE RIVERS, TX 78071

⇔ 91907-080 ⇔
Clerk Us Court House
800 Franklin AVE
WACO, TX 76701
United States

CLERK, UNITED STATES DISTRICT
COURT FOR WESTERN DISTRICT OF TE[X]
800 FRANKLIN AVE, 3RD FLOOR
WACO, TX 76701

SAN ANTONIO PDC
WED 07 DEC 2011 PM