

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| **TERRY TERELL BROWN,** | § | |
| **Movant,** | § | |
| | § | **CIVIL NO. W-11-CA-290** |
| **v.** | § | |
| | § | **CRIMINAL NO. W-99-CR-061 (1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## O R D E R

Movant brings this action under the provisions of Title 28, United States Code, Section 2255 ("§ 2255"). He asserts that his sentence should be vacated due to an incorrect application of the sentence guidelines and ineffective assistance of counsel. Having reviewed the motion, the Court has determined it is without merit and should be denied without requiring a response from the Government.

Pursuant to a plea agreement, Movant entered guilty pleas to two counts of aiding and abetting in second degree murder within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1111(b), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a term of incarceration of 188 months on the murder counts, to be served concurrently, and 60 months on the firearm charge, to be served consecutively. Movant's sentence additionally included a total of five years supervised release, restitution in the amount of $22,769.18, and a $300 special assessment. Movant did not appeal his conviction or sentence.

As part of his plea agreement, Movant waived the right to appeal his conviction and sentence or to contest his sentence in a proceeding under 28 U.S.C. § 2255. The waiver of appeal in the plea agreement bars Movant's present application. *See United States v. White*, 307 F.3d 336 (5th Cir. 2002); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992). None of the allegations included in Movant's § 2255 application question the validity of that waiver.

Even if not barred by waiver, Movant's present motion is additionally barred because it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA provides, in pertinent part,:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented

2

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, paragraph 6.  Movant's judgment was entered on March 28, 2001. The present motion was filed, at the earliest on December 2, 2011, almost 11 years after Movant's conviction became final.  Movant presents no reason that the one-year deadline should not apply.  Therefore, Movant's application is untimely.  While Movant points to two cases upon which he bases his grounds of error, those cases were decided in 1993 and 1996, well before he was sentenced.  The fact that Movant did not read them until a later date, does not extend the one-year limitations period.  Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence filed by Terry Terell Brown is DENIED and this action is DISMISSED.  It is further

ORDERED that any additional motions not previously ruled upon by the Court are DENIED.

Additionally, having considered the findings and conclusions set forth above and the requirements of 28 U.S.C. § 2253, the Court finds, *sua sponte*, that a certificate of appealability should not issue, as Movant has failed to make a substantial showing of the denial of a constitutional right.

SIGNED this __13__ day of December, 2011.

WALTER S. SMITH, JR.
United States District Judge

3